

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
MFLawNY.com

Marcus Monteiro
516/280.4600 ext. 107
mmonteiro@mflawny.com

May 15, 2023

**BY ECF**
The Honorable Judge Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      RE:    *Justo Claros et al. v. Pietro Cipriano et al.*
                 Civ. No.: 22-2706 (JMA)(ARL)

Dear Judge Lindsay:

      This Firm represents Plaintiffs Justo Claros, Nicolas Diaz, Melvin Guevara and opt-in Plaintiffs Rafael Cueva and Jesus Hernandez in this Fair Labor Standards Act ("FLSA") case. The Parties have agreed to settle their claims against each-other. Plaintiffs respectfully request that the Court approve the settlement agreement (the "Settlement Agreement"), a copy of which is attached hereto as Ex. 1. <u>Cheeks v. Freeport Pancake House, Inc., et al</u>., 796 F.3d 199 (2d Cir. 2015). Alternatively, Plaintiffs request that the Court set this matter down for a fairness hearing. As explained below, Plaintiffs respectfully submit that the Settlement Agreement is fair, reasonable, and equitable.

**A.**    **Background**

      Plaintiffs allege, *inter alia*, that Defendants failed to pay minimum wage and overtime pay and failed to provided wage statements and notices in violation of the FLSA and NY Lab. Law. Plaintiffs were landscapers for a landscaping/nursery called Cipriano Landscaping-Nursery, Inc. ("Cipriano's"). The Complaint was filed on May 10, 2023, which was Answered on August 22, 2022. The Parties entered into a "FLSA Initial Discovery and Mediation Referral Order" on August 23, 2022 (the "Order"). Under the Order, the Parties were to exchange time and wage records, along with the Court's FLSA interrogatories.

      The Parties exchanged voluminous payroll documents, including ADP earning statements time records (in varying formats), payroll summaries and interrogatory demands/responses.

      In this case, Defendants contest the dates of Plaintiffs' alleged employment, contest the dates and times that Plaintiffs claimed to have worked, and further claim that Plaintiffs were properly paid all wages owed for all hours worked. Defendants contend that their wage practices do not violate

either the FLSA or New York Labor Law, are in compliance with all applicable laws, rules and regulations, and that the tip-credit was properly noticed and applied.  The Parties next mediated this case before EDNY panel mediator Barry Peek on January 27, 2023. After hard fought negotiations extending the entire day, conducted at an arm's-length basis, the Parties were able to reach a settlement for the total sum of $300,000.00.

**B.** **The Settlement Agreement between Plaintiffs and Defendants is Fair and Reasonable**

The attached proposed settlement agreement warrants approval as it is fair, reasonable, and adequate.  There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. 2008); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. 2013) (Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.")

Here, the parties have engaged in significant discovery efforts and exchanged over thousands of documents. They have each gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective defenses. The Parties negotiated over a hotly contested mediation session, supervised by EDNY mediator Barry Peek and settled terms as advised by the Court.

Plaintiffs are represented by competent counsel well versed in employment law and believes the settlement is in Plaintiffs best interest.  Likewise, Defendants are represented by competent counsel well-versed in employment law and who presented strong economic defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable.  The Plaintiffs have been informed of, and have approved, the terms of the proposed settlement, including the overall amount to be paid by Defendants, as well as the individual amounts to be paid to each Plaintiff, and there have been no objections to the settlement.

Driving this settlement was the central fact that Defendants may not have substantial assets to pay a judgment should Plaintiffs achieve one – as Defendants business is comprised of a nursery and landscaping business – not some large corporation.  Cinema 60, LLC, at 365 ("Plaintiffs' counsel actively sought a settlement because of plaintiffs' legitimate concerns about the collectability of any judgment against the defendants."); Cruz v. Relay Delivery, Inc., 2018 WL 4203720 (S.D.N.Y. 2018)("Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable."); Hart v. RCI Hosp. Holdings, Inc., No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Plaintiffs believe that the total value of Plaintiffs straight damages is $555,534.50 (exclusive of liquidated damages and interest) without accounting for the substantial risk associated with litigation, Defendants' defenses, questionable collectability, and time delays associated with litigation and scare assets available for recoverability (if any). The allocation between the Plaintiffs is also fair and reasonable as it was based entirely on each Plaintiff's claimed damages: Justo Claros (15% equaling $29,152.50); Rafael Cueva (23% equaling $44,700.50), Jesus Hernadez (16% equaling $17,491.50), Nicolas Diaz (9% equaling $17,491.50), and Melvin Guevara (37% equaling 71,909.50). The Parties have agreed to the allocation and signed the Settlement Agreement directly. Lastly, the parties agree that the settlement agreement represents a reasonable compromise of all parties' positions.

**C.      The Service Award Should be Granted**

Under the Settlement Agreement, and subject to Court approval, the Named Plaintiff Nicholas Diaz is entitled to an additional payment to their allocated share of the Settlement of $5,000. A court may grant incentive payments in class action suits. Such awards "reward[] the named plaintiffs for the effort and inconvenience of consulting with counsel over the many years [a] case was active and for participating in discovery." *Cox v. Microsoft Corp.,* 26 Misc. 3d 1220(A), at *5 (Sup. Ct. 2007). Service awards "are particularly appropriate in the employment context ... [where] the plaintiff is often a former or current employee of the defendant, and thus he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by the employer or co-workers." *Frank,* 228 F.R.D. at 187. Courts approve service awards to named plaintiffs in both NYLL class actions and FLSA collective actions. *Ravenell v. Avis Budget Group, Inc.,* 2016 WL 6459589, at *2 (E.D.N.Y. 2016).

Nicholas Diaz expended considerable time and effort assisting Counsel with the case, including informing counsel of the facts initially and as the case progressed; providing counsel with relevant documents in his possession; assisting counsel in preparing for mediation, and continued settlement discussions; and reviewing and commenting on the terms of the Settlement. As such, his actions exemplify the very reason courts grant service awards. *See Frank*, 228 F.R.D. at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claim[,]" including by responding to counsel's questions and reviewing documents). Thus, Plaintiff Diaz's assistance was crucial in the prosecution and proposed resolution of the case.

**D.      Plaintiffs' Attorneys' Fees Should be Approved**

By statute under both the FLSA and New York Labor Law, Plaintiffs are entitled to recover attorneys' fees. Defendants have agreed to pay Plaintiffs' counsel the amount of one-third of the Settlement amount. Additionally, Plaintiffs' counsel represented Plaintiffs on a one-third contingency basis and assumed the risk of receiving payment only if the case was successful, which contingency was contractually agreed to by each Plaintiff. Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. 2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. 2013).

The Second Circuit favors the use of the contingent percentage of fund method to compensate attorneys in overtime wage and hour actions. Pastor v. Battery Park Cleaners Inc., No. 21-CV-2720 (VSB), 2023 WL 2929304, at *2 (S.D.N.Y. Apr. 13, 2023) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery."); Deleon v. Wells Fargo Bank, N.A., 2015 U.S. Dist. Lexis 65261 at *5 (S.D.N.Y. 2015) ("In wage and hour class action lawsuits, public policy favors a common fund attorney's fee award."). The Court's reasoning is simple: "[T]he percentage method directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution ad early resolution of litigation." Monserrate v. Equipment, Inc., 2012 U.S. Dist. Lexis 164265 at *3 (E.D.N.Y. 2012). That incentive is the implicit possibility that plaintiffs' counsel will fail to make any recovery of their fees. Butt v. Megabus Ne. LLC, 2012 U.S. Dist. Lexis 137683 at *22 (S.D.N.Y. 2012) ("Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33.3% is consistent with the Second Circuit's [decision]." citing Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany 493 F.3d 110, 111-12 (2d Cir. 2007), e.g., Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. 2014) ("A one-third contingency fee is commonly accepted fee in this Circuit."); Hynun v. Ippudo USA Holdings, 2016 U.S. Dist. LEXIS 39115 (S.D.N.Y. 2016) ("Fee award representing one third of the total recovery are common in this District."); Janko, et al. v. Patsy's Italian Restaurant, Inc. et al., No. 15-cv-4995 (S.D.N.Y. 2016) ("Moreover, awarding a percentage of the settlement amount [33%] in this case, which settled relatively early and before depositions occurred, is appropriate to avoid the lodestar method's potential to create a disincentive to early settlement."); Garcia v. Atlántico Bakery Corp., 2016 U.S. Dist. LEXIS 84631, at * 2 (S.D.N.Y. 2016 )(One-third of the total award is customary contingency percentage in FLSA cases.); compare, Villalva-Zeferino v. Park, 2016 U.S. Dist. LEXIS 19125, at * 4 (S.D.N.Y. 2016) ("I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required under Cheeks v. Freeport Pancake House, Inc…").

Courts will sometimes "cross-check" the reasonableness of an award against the lodestar method and "…regularly award lodestar multipliers from two to six times lodestar." Pastor v. Battery Park Cleaners Inc., No. 21-CV-2720 (VSB), 2023 WL 2929304, at *2 (S.D.N.Y. 2023); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar"); Viafara v. Mciz Corp., 2014 WL 1777438, (S.D.N.Y. 2014); Maley v. Del Global Techs. Corp., 186 F.Supp.2d 358, 369 (S.D.N.Y. 2002) (finding multiplier of 4.65 "well within the range awarded by courts in this Circuit and courts throughout the country"); Ramirez v. Lovin' Oven Catering Suffolk, Inc., 2012 WL 651640, at *4 (S.D.N.Y. 2012) (granting attorneys' fees equal to 6.8 times lodestar); In re Lloyd's Am. Trust Fund Litig., 2002 WL 31663577, at *27 (S.D.N.Y. 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit"); Davis v. J.P. Morgan Chase & Co., 827 F.Supp.2d 172, 184–86 (W.D.N.Y.2011) (awarding multiplier of 5.3 in wage and hour class action); "); In re RJR Nabisco, Inc. Sec. Litig., No. 88 Civ. 7905(MBM), 1992 WL 210138, at *5 (S.D.N.Y. 1992) (awarding multiplier of 6); Cosgrove v. Sullivan, 759 F.Supp. 166, 167 n. 1 (S.D.N.Y.1991) (awarding multiplier of 8.74); Vizcaino v. Microsoft Corp., 290 F .3d 1043, 1052–54 (9th Cir.2002) (listing nationwide class action settlements where multiplier ranged up to 8.5 times); Sewell, 2012 WL 1320124, at *13 ("Courts routinely award lodestar multipliers between two to six.").

However, where the lodestar analysis is used "as a mere cross-check" on an otherwise acceptable percentage of the fund, "the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436

(2d Cir. 2007); Goldberger v. Integrated Res., Inc., 209 F.3d 43 at 50 (2d Cir. 2000) (The hours "need not be exhaustively scrutinized.")

Finally, "The Second Circuit has set forth six factors to evaluate the reasonableness of attorneys' fees in the FLSA settlement context: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger., 209 F.3d 43 at 50.

**1. Time and Labor Expended by Counsel**

To date, Plaintiffs' counsel's work consisted of, without limitation: filing of the Complaint; appearance at multiple status conferences, preparation for, and appearance at, mediation session with Barry Peek; extensive discovery review; consulting with Plaintiffs throughout the litigation; preparing disclosures; negotiations with Defendants' counsel; edits to the settlement agreement and those papers in support of the settlement.

According to Plaintiffs' detailed billing records, they have expended 82.3 attorney hours at a billing rate of $450 for representing five plaintiffs in this FLSA case. Plaintiffs' Counsel's hours worked, and the rates charged, were reasonable and necessary in the context of this case, and within the range of accepted rates for attorneys of our experience handling employment matters in the Eastern District of New York. Thus, Plaintiffs maintain that an award of $100,000.00 to Monteiro & Fishman LLP for attorneys' fee, and costs of only $625.00, when cross-checked with their reasonable attorney hours and $450 per hour billing rate, totaling $100,625.00, is fair and reasonable as it represents a lodestar multiplier of only 2.7.  Pinzon v. Jony Food Corp., 2018 WL 2371737 (S.D.N.Y. 2018) (approving settlement agreement when attorneys' fees were five times greater than lodestar (5.23 multiplier) in recognition of "the importance of encouraging the swift resolution of [FLSA] cases ... and avoiding 'creat[ing] a disincentive to early settlement' ... [when] settlement has provided Plaintiff with a substantial and speedy result"); Johnson v. Brennan, No. 10 Civ. 4712 (CM,) 2011 WL 4357376 (S.D.N.Y.2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); Shapiro v. JPMorgan Chase & Co., WL 1224666 (S.D.N.Y. 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District.")

Additionally, Plaintiffs' counsel has not charged for typical expenses like Westlaw or Lexis research fees, travel or photocopying fees. "It is well-settled in this Circuit that 'attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Tlacoapa v. Carregal, 386 F.Supp.2d 362, 374 (S.D.N.Y.2005).

**2.    The Magnitude and Complexities of the Litigation**

This matter was a complex matter involving multiple Plaintiffs and Defendants, requiring extensive investigation, and analysis of thousands of documents, to establish Plaintiffs' entitlement to recovery.  Accordingly, the complexity of this matter favors an award of the requested attorneys' fee award. Febus v. Guardian First Funding Grp., LLC, 870 F.Supp.2d 337, 340 (S.D.N.Y. 2012) ("[C]ourts have recognized that FLSA cases are complex and that [a]mong FLSA cases, the most complex type is the 'hybrid' action brought here, where state wage and hour violations are brought as an 'opt out' class action pursuant to [Rule] 23 in the same action as the FLSA 'opt in' collective action pursuant to .")

### 3. The Risk of the Litigation

The "[u]ncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." Febus, 870 F.Supp.2d at 340. As detailed above, the uncertainty of continued litigation, along with the uncertainty of the collectability should Plaintiffs obtain a judgment, militated toward a resolution at this juncture.

### 4. The Quality of Representation

"The 'most critical factor' in what is a reasonable attorney's fees [award] 'is the degree of success obtained' by the plaintiff." Velasquez v. Digital Page, Inc., 124 F.Supp.3d 201, 204 (E.D.N.Y. 2015) (quoting Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008); Asare v. Change Grp. of N.Y., Inc., 2013 WL 6144764, at *21 (S.D.N.Y. 2013) ("Class Counsel's skill and experience was directly responsible for this favorable settlement reached in an efficient manner without great Court intervention at an early stage of litigation."). Here, Plaintiffs believe that they have successfully obtained a favorable settlement that results in a substantial award to Plaintiffs considering the defenses provided by Defendants.

Additionally, Plaintiffs' counsel, Marcus Monteiro, is an experienced litigator well versed in employment law. He has been a litigator since 2002 when he worked as an associate at a national law-firm in downtown Manhattan. Mr. Monteiro is an elected Director to the Nassau County Bar Association and is the Chairperson of the Labor and Employment Committee. Mr. Monteiro has been deemed qualified to represent Nassau County as of-counsel to the Nassau County Attorney's Office, in the areas of employment/labor law and class actions, since 2014. In 2015, he was the principal attorney defending County of Nassau, Nassau County Sheriff's Department and Nassau County Policy Department at trial before a full jury in the E.D.N.Y., in a case involving employment-related claims. Wagner v. County of Nassau et al., 11-cv-1613 (E.D.N.Y. 2015) (settled during second day of jury trial following plaintiff Barbara Wagner's cross-examination).

Your Honor recently approved my hourly rate of $450.00 in a wage/overtime case citing to my "skill, experience and reputation in this district." Jose Gutierrez et al. v. Davinci's Restaurant et al., 20-cv-5380 (EDNY 2022) (GRB)(ARL).

Nassau County Supreme Court Judge Robert McDonald commented that "labor law is complicated" and Marcus Monteiro is "a professional who is exceedingly experienced" in prosecuting overtime wage/hour cases. Merlin Galindo v. Manny Anwar et al., Index No. 611846. Judge Denise Sher described Marcus Monteiro as "experienced class counsel" in wage/hour litigation. Flores v. Amaya at el., Index No. 611194/2020 (Supreme Ct. Nassau County 2022) (awarding $183,628.50 in damages for single plaintiff case alleging NYLL wage/overtime violations).

This Court, along with the Supreme Court Nassau County, has approved many wage/overtime settlements based on Mr. Monteiro's hourly billing rate of $450.00. Subhan et al. v. Ram Caterers of Old Westbury et al., 20-5541 (E.D.N.Y. 2022) (AYS) (Settlement of $1,325,000.00 for FLSA claims of 534 person class; Marcus Monteiro as class counsel; $437,250.00 in attorneys' fees granted); Soliz et al. v. Ultra Sonic Inc. et al., 602651/2021 (N.Y. Supreme Ct., Nassau County 2022). ($1,300,00.00 settlement of NYLL claims of 675-person class; Marcus Monteiro as class counsel; $433,333.33 in attorneys' fees granted); Amador et al. v. Steven Lidonnici et al., 19-cv-3538 (E.D.N.Y. October 26, 2020) (Bulsara, S.) (approved settlement of FLSA and NYLL claims containing attorneys' fees of

$224,977.50 based on $450 hourly rate); <u>Mojica et al. v. Constantatos et al.</u>, 19-00442 (E.D.N.Y. 2020) (approved settlement of FLSA and NYLL claims containing attorneys' fees of $262,473.75 based on $450 hourly rate ); <u>Franco v. Metro Flowers</u>, 18-cv-01343 (E.D.N.Y. 2019) (Seybert, J.) (approved settlement of FLSA and NYLL claims containing attorneys' fees of $58,328.00 based on $450 hourly rate; <u>Ramires v. Bradley et al</u>., 17-5728 (E.D.N.Y. 2019) (approved settlement of FLSA and NYLL claims containing attorneys' fees of $215,666.67); <u>Martinez et al. v. Alain Artinian et al.</u>, 616161/2018 (Supreme Court Nassau County August 24, 2019) ("After a careful review of all evidence, the Plaintiff's request [for $24,141.00 in attorneys' fees based on hourly rate of $450.00 in wage and hour cases] is GRANTED …").

Additionally, the following are recent settlements/verdicts in FLSA and NYLL actions alleging wage/overtime violations where Mr. Monteiro was the lead counsel and principal attorney. <u>Bustamante v. First-Shot Mold Contractors, Inc</u>., Index No. 616162/2018 (Supreme Court Nassau County 2019) (Settlement of N.Y. Lab. Law case.); <u>Molina v. Pete's Pitaria Inc</u>., Index No. 616160/2018 (Supreme Court Nassau County 2019) (Settlement of N.Y. Lab. Law case.); <u>Maldonado v. BK Sweeney's Uptown Grille</u>, Index No., 61111/2018 (Supreme Court Nassau County 2019) (Settlement of N.Y. Lab. Law case); <u>Zavala v. Cipriano Landscaping – Nursery Inc</u>., 18-cv-00178 (E.D.N.Y. 2018) (Wexler, L.) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Mendez v. Anthony Cortina</u>,16-cv-04372 (E.D.N.Y. 2017) (Feuerstein, S.) (Settlement of FLSA and N.Y. Lab. Law case.); Molina v. Matteo's of Bellmore, Inc. 17-cv-0987 (E.D.N.Y. 2017) (Feuerstein, S.) (Settlement of FLSA and N.Y. Lab. Law case<u>.); Ochoa et al. v. Kaptan et al</u>., 16-cv-02295 (E.D.N.Y. 2017) (Feuerstein, S.) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Reyes v. Plattduetsche Park Restaurant</u> (E.D.N.Y. 2017) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Salmeron v. Gismondi</u> (E.D.N.Y. 2017) (Settlement of FLSA and N.Y. Lab. Law case.); Marques v. Jimrod Landscaping Inc., Index No. 614029/2017 (Supreme Court Nassau County 2017) (Settlement of N.Y. Lab. Law case.); <u>Mijango v. Woody's Landscaping Inc</u>., Index No. 000994/2017 (Supreme Court Nassau County 2017) (Settlement of N.Y. Lab. Law case.); <u>Alarcon v. Cherry Creek Landscaping Corp.</u> (Supreme Court Nassau County 2017) (Settlement of N.Y. Lab. Law case.); <u>Magalhaes v. Island Tennis, Inc</u>., 15-cv-5859 (E.D.N.Y. 2016) (Bianco, J.) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Gonzalez v. Lawn Masters Landscape Contracting, Inc.</u>, Index No. 002025/2016 (Supreme Court Nassau County 2016) (Settlement of N.Y. Lab. Law case.); <u>Romero v. Nassau Fire Apparatus</u>, 15-cv-5861 (E.D.N.Y. 2015) (Feuerstein, S.) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Lemus v. Campanelli Landscaping Inc</u>. (E.D.N.Y.  2015) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Bustamante v. Executive Diner</u> (E.D.N.Y. 2015) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Castro v. Phil's Landscaping Inc.,</u> Index No. 004008/2015 (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Suazo v. Papa Ciro's Restaurant</u>, Index No. 009020/2015 (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Pena v. West Hempstead Beverage Corp</u>., Index Co. 009019/2015 (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Velasquez v. Fitzgerald</u>, Index No. 009018/2015 (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Cruz v. Tramantana</u>, Index No. 3517/2015 (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Rodriguez v. Williston Townhouse Diner,</u> (Supreme Court Nassau County 2015) (Settlement of N.Y. Lab. Law case.); <u>Trigueros v. Leo's Restaurant & Bar,</u> (E.D.N.Y. 2014) (Settlement of FLSA and N.Y. Lab. Law case.); <u>Munoz v. Topper Realty Corp</u>., Index No. 001871/2014 (Supreme Court Nassau County 2014) (Settlement of N.Y. Lab. Law case.); <u>Santisteban v. Davis Vision, Inc</u>. 13-cv-3523 (E.D.N.Y. 2013) (Feuerstein, S.) (Settlement of FLSA and N.Y. Lab. Law case).

**5.      The Requested Fee in Relation to the Settlement or The Lodestar Cross-check**

As noted above, the last step of the analysis is to cross-check the fee award against the lodestar multiplier. This step ensures that an otherwise reasonable percentage fee would not lead to a windfall for class counsel. In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 306 (3d Cir. 2005) ("Courts also consider the size of the settlement to ensure that the percentage award does not constitute a 'windfall.'"); Siddiky v. Union Square Hosp. Grp., LLC, 2017 WL 2198158, at *11 (S.D.N.Y. May 17, 2017). As detailed above, the attorneys' fees requested herein represent a lodestar multiplier of only 2.7 – a multiplier deemed reasonable in this District. Supra.

**6.      Public Policy Considerations**

Public policy favors this Court approving the Settlement. "Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and NYLL." Deleon v. Wells Fargo Bank, N.A., 2015 U.S. Dist. Lexis 65261 at *5 (S.D.N.Y. 2015) citing Goldberger v. Integrated Res. Inc., 209 F. 3d 43,51 (2nd Cir. 2000) (Commending the general 'sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest.")

Accordingly, Plaintiffs respectfully request judicial approval of the Settlement Agreement, or alternatively, to set this matter for a fairness hearing.

Thank you for considering this request.

Very truly yours,

/s/
Marcus Monteiro